**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jesus Angel GARCIA, Defendant—**
**Appellant.**

No. 06–50582.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Dec. 11, 2007.

Jonathan I. Shapiro, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and COLLINS *, District Judge.

MEMORANDUM **

Jesus Angel Garcia, a citizen of Mexico, petitions for review of the district court's denial of his motion to dismiss the indictment against him and the district court's subsequent imposition of an eighty-four month sentence. We deny the petition.

We review de novo the denial of a collateral attack on a prior deportation order based on alleged due process defects. *United States v. Velasco–Medina,* 305 F.3d 839, 847 (9th Cir.2002). An attack based on a sentence violating *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is also reviewed de novo. *United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002).

A defendant collaterally attacking a deportation order must show: (1) exhaustion of remedies; (2) deprivation of an opportunity for judicial review; and (3) that the entry of the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d). A removal process is "fundamentally unfair" if (1) the alien's due process rights were violated by defects in his removal hearing, and (2) he suffered prejudice. *United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004).

■ Garcia's due process rights were violated in his 1994 deportation hearing because the waiver of his right to counsel was obtained through a mass waiver and thus there is no showing that his individual waiver was considered and intelligent. *United States v. Ahumada–Aguilar,* 295 F.3d 943, 949 (9th Cir.2002). However, Garcia has failed to show any error in his subsequent 1997 deportation. Garcia claims that 1997 deportation hearing was invalid due to the invalidity of his first 1994 deportation. However, Garcia effectively waived both his right to counsel and his right to appeal during the 1997 deportation hearing. Because the 1997 deportation is sufficient to sustain his conviction, Garcia has suffered no prejudice as a result of the errors in his 1994 deportation.

■ The district court also correctly applied the twenty-year statutory maximum under 8 U.S.C. § 1326(b)(2) as opposed to the two-year statutory maximum of 8 U.S.C. § 1326(a). Garcia is correct that the indictment's failure to specify the date of his removal was *Apprendi* error. *United States v. Salazar–Lopez,* 506 F.3d 748, 749–51 (9th Cir.2007). However, Garcia pled to his dates of conviction and deportation, so the *Apprendi* error was harmless. *Id.* at 754–55.

**AFFIRMED.**

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.